THE STATE OF DELAWARE, Plaintiff, v. HARRY W. MACLARY, Defendant.

(*July* 30, 1963.)

LYNCH, J., sitting.

*Robert H. Richards, III,* and *Walter K. Stapleton,* Deputy Attorneys-General, for the State of Delaware.

*Emmett J. Conte, Jr.,* for Defendant.

Superior Court for New Castle County, No. 287, Criminal Action, 1963.

LYNCH, Judge.

After the Jury in this case had been deliberating for over two and one-half hours, the Court was advised that its Foreman had a note to give to the Court. The Court

called counsel to the Courtroom, together with the Jury. After opening the note and seeing its contents, the Court then gave the Jury the following supplementary charge:

"Let the record show, Mr. Reporter, that the defendant is present with counsel.

"Ladies and Gentlemen of the Jury: The Court has received a note signed by your Foreman stating that the jury cannot agree on a verdict.

"Now, let me caution you, while you are in the Court Room, I am not interested and we don't want any expression on how you stand as to the verdict.

"I do want to say to you, though, that trial of this case has been a matter of expense. That, of course, is not the only factor. Your failure to agree is going to necessitate another trial, which will be more expense.

"The Court is of the view that the case cannot be better tried nor more exhaustively tried by counsel in the case insofar as either side is concerned.

"The Court always hopes that the jury, if possible, will reach a verdict, one way or the other. The Court does not desire that any juror surrender his or her conscientious convictions. On the other hand, jurors should return a verdict according to the evidence which you have heard in the case; and the verdict to which you agree must be the result of his or her unanimity of convictions.

"In order to get 12 people, 12 minds, to agree to a unanimous verdict, it is hoped that you will further examine the questions which have been submitted and posed by the Court with the proper amount of devotion and with understanding of the views as expressed by one or more of the jurors to other members of the jury and then come to a conclusion.

"I suggest that you further consider this case and see if it can't be decided with the idea in mind that it must be determined in the same way as any other jury may hereafter selected for this purpose.

"Of course, there is no indication that the case can be any better tried nor any other jury which will be more impartial or more capable than this jury.

"I would ask that you continue your deliberations, if you choose to do so, and for that purpose you again retire and carefully consider the evidence which you have heard in the trial, in the light of the comments which the Court has made. I will ask you to return and further consider the facts.

"I ask you, then, to retire to your jury room and again resume your deliberations if you choose. I ask only that you look at the evidence in the light of the comments which I have just made."

Defendant's counsel thereafter filed motion as noted, and argues:

"At no time previous to the giving of instruction were counsel informed by the Court that any instruction was to be given.

"As soon as the instruction was delivered, counsel for the defendant had his first and only opportunity to make objection. One ground stated as objection was that the giving of the instruction is error since it requires the jury to consider certain matters which are not in evidence and which have no relevance to the case at hand. One of those matters is the expense of the trial and the expense of re-trial. The second of those matters was that there would be a re-trial. A second ground for objection stated was that the Court erroneously stated to the jury that unless they could agree upon a verdict, there would definitely be

a re-trial. This is alleged as error because of the fact that re-trials are not required and that as a matter of fact the Attorney-General frequently enters a nolle prosequi as to charges after a first trial terminated in a hung jury. The third ground for objection which was stated is that this charge has the effect of coercing the minority jurors. Counsel asserts that whatever duty the jury has to reach a verdict is no greater than its right to disagree upon a verdict, and that any monition from Court emphasizing the necessity for reaching a verdict is necessarily coercive of the minority jurors."

Defendant's counsel further insists that the Court's action in giving the charge without informing him the charge was to be given violated Rule 30(a) of the Superior Court Rules of Criminal Procedure, *Del. C.*, the pertinent part of which reads:

"(a) Requests for Instructions. At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to adverse parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. * * *"

Finally the defendant's counsel contends that the Court should have discharged this Jury rather than instruct them as to the necessity of reaching a verdict, citing *State v. Gamble*, 2 Penn. 368, 45 A. 716 (Ct. of Gen.Sess., 1899).

Taking up these several objections, in inverse order, it is to be noted that in the cited case then Chief Justice Lore said, 2 Penn. at 370, 45 A. at p. 716:

"* * * the discharge of the jury in such cases [as where there is a reported disagreement] is in the discretion of the court. This is the generally accepted rule, and needs no citation of authorities."

He also referred to an unreported case and stated—"This case is decisive of the question".

 Considering next the application and effect of Rule 30(a) of our Rules of Civil Procedure, it will be seen that the language of the Rule shows it does not have the slightest application to the situation here presented. No "request" had been made by defendant's counsel "at the close of evidence * * *." So the Rule is of no aid to defendant.

 There is no Rule of Court which requires a Court in a criminal or civil case, when it is advised that the Jury is in disagreement, to inform counsel that the Court is going to give the supplementary instruction that was given. This Court has been giving this type of instruction for some years now; this was conceded at oral argument, and as has been noted, a party to litigation, civil or criminal, has no standing before the Court which entitles the party, as a matter of right, to have a Jury discharged when it announces it is in disagreement. By the same token it would seem clear that the Court has the discretion to give a charge of the kind here objected to, with or without announcing it proposes to do so. Whether the particular charge given was prejudicial to this defendant's rights is another matter and will be considered separately.

Counsel learned almost as soon as the Court did that the Jury was not in agreement. The Court knew only that the Foreman of the Jury had a note and called counsel and the Jury together, after which the Court read the note and then gave the supplementary charge.

■ Counsel had opportunity, if he was so disposed to object, after the Court had started the supplementary charge and given what appears as the first paragraph of the charge, to ask leave to state his position. This he did no do but awaited until the supplementary charge was given in full and the Jury had again retired before noting any objection whatsoever.

The Court regards this line of objection as without merit and proposes to disregard it.

Finally, in considering the remaining objection, the Court is constrained to point out that at oral argument the Court noted that neither the State nor defendant's counsel had cited or given any consideration to an opinion of our Supreme Court in *Reiver & Co. v. Rose*, 1 Storey 397, 405, 147 A.2d 500, 504 (Sup.Ct.1958), which seems apposite and probably is dispositive.

The apposite portions of that opinion appear to be dispositive of all the remaining objections advanced by defendant's counsel.

At the noted pages, the cited opinion holds:

"(3) Did the trial judge err in refusing to disclose to counsel the contents of a note received from the jury before he delivered a supplemental charge to the jury?

"(4) Was there error in the supplemental charge?

"While the jury was deliberating, it sent a note to the trial judge, which read as follows:

"'While the jury has agreed unanimously on the fact that commissions are due to plaintiff on all seven boats, we are unable to break a 11 to 1 conflict in favor of a 10% commission.'

"The note was received by the trial judge in chambers in the presence of counsel for the parties. However, after reading it, the trial judge did not state its contents to coun-

sel but again called the jury before him in open court and in the presence of the parties and their counsel gave the jury the following supplementary charge:

" 'Ladies and gentlemen, I have your note, I don't know that there is much I can say other than, of course, it is to everybody's interest—if possible, without doing injustice to the conscience of anyone—to agree rather than to have to try cases over again.

" 'But as long as I am Judge I would not want any member or members of any jury panel ever to consider returning a verdict in a legal matter that was contrary to their conscience. I would want them to weigh the problem from all angles, to consider all phases, and then, if an agreement could not be reached, it would necessarily have to result in a disagreement.

" 'As a Judge, I couldn't say other than what I have just said. But we do like to see verdicts if it is possible, as I say, without harm to the conscience of a juror, no matter who the juror or jurors might be. However, if it is an absolute impossibility, that must be the answer.

" 'I am going to ask you if you will return to your room for ten minutes, and, if you are unable to agree, you may return then at any time you like.' "

At a later point, 1 Storey 406, 147 A.2d 505, the opinion continues:

"There are many reported decisions dealing with the subject of communications between the judge and the jury after the jury has retired. It is settled that the court may not communicate with the jury in the absence of counsel. * * * The rule is sometimes stated so broadly in annotations to decided cases as to indicate that any communication from the jury to the court having any bearing on the

facts or law of the case must at once be disclosed to counsel. See cases cited in Annotation to 41 A.L.R.2d 306. But we do not find it necessary here to consider whether or not such assertions are too broad and too sweeping. The note in this case was a gratuitous statement about the division of the jury. Assuming that counsel was entitled to know this, how was the defendant harmed by the procedure which was actually followed? Counsel for defendant, although he objected to the language of the supplementary charge, made no objection to the failure of the trial judge to show counsel the note prior to the charge. Even if he had made such an objection, we cannot see how the court could have given any instructions other than those which it actually gave. Under these circumstances, we do not think that defendant was prejudiced by the failure of the court to disclose at once the contents of the note."

This ruling appears to support the action of this Court in having counsel and Jury present in open Court as the Court read the note, and in this Court's opinion shows no prejudice could have arisen from the action of the Court in its handling of the note.

■■■ The opinion later ruled, 1 Storey 407, 147 A.2d 506:

"It is not at all unusual for a trial judge to recall a jury after they have been in deliberation for the purpose of ascertaining what difficulties they have and to endeavor to assist them in reaching a proper solution of these difficulties. *Allis v. United States*, 155 U.S. 117, 15 S.Ct. 36, 39 L.Ed. 91; *Suslak v. United States*, 9 Cir., 213 F. 913. The majority rule is that the trial judge may call to their attention the difficulties which may be caused by a disagreement, such as the expense of a re-trial, the length

of time the case has been pending, the importance of reaching a decision, the number of times the case has already been tried and other facts of a similar nature. * * * Necessarily each charge must be examined to determine whether or not the total effect thereof is to coerce or influence unduly the jury in reaching its decision."

The opening portions of the cited opinion lend support to the Court's use of language to which defendant has directed his attack. Our Supreme Court has said it is proper for a trial Court to "call to their attention [the jury] the difficulties which may be caused by a disagreement, such as the expense of a re-trial, * * *, the importance of reaching a decision, * * * and other facts of a similar nature. * * *" The Supreme Court's opinion cited both criminal and civil cases as supporting the statement of the law as quoted above. See annotation in 85 A.L.R. 1420 and supplemental citations; see particularly 85 A.L.R. 1421 under heading II; page 1427, stating the general rule under heading IV; and page 1433, 1 Storey 407, "alluding to expense of re-trial". If it is regarded as proper to make such observations the defendant's objections here seem to be without merit.

In light of what appears in the entire opinion this Court now rules that defendant here was not prejudiced by the Court's failure to let counsel know of the contents of the note before the Court gave the supplementary charge or by the charge as given and hence defendant's motion is denied in all respects.

Order on notice.