**Glenn BROWN, Defendant below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Dec. 8, 1975.

Decided Jan. 15, 1976.

Arlen B. Mekler, Asst. Public Defender, Wilmington, for defendant below, appellant.

Richard R. Cooch, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM.

In this appeal from a conviction in Superior Court' for possession of marijuana, defendant argues that he was prejudiced by the Trial Court's supplementary instruction to the jury.

I

Following a two-to-three hour trial, the jury retired but was unable to reach a verdict, after deliberating for 1½ hours, and so informed the Court. Over defendant's objection, based upon the lateness of the hour (4:30 P.M.), the Court recalled the jury and gave the following supplementary instruction:

"Members of the jury, I have a note from you which states "Hung jury. Positively will not reach a decision.

The Court must ask you to give further consideration to the case. I know that it is the first case that many of you have had the privilege of sitting on and that you are not yet experienced in the matter of going over together carefully the evidence in the case and debating what weight, if any, should be given to the evidence.

It is very important that these litigants, that is, the State and Defendant in this case, be given all consideration possible to see whether or not a verdict can be reached.

The trial of a criminal case is a time-consuming and expensive matter both in time, money and emotion, and you will note that in this case the alleged incident is alleged to have taken place approximately 11 months ago. If the trial results in a hung jury, the case will have to be restored to the calendar and then tried before a different jury panel, and there is no reason to believe that more complete evidence or further evidence could be called to a different jury's attention than has already been called to your attention.

Of course, the case does, by trial or otherwise, have to be disposed of sooner or later, so I cannot accept the time that you have been considering this case as adequate time to be absolutely sure that no unanimous verdict can be reached. I must ask you to deliberate further.

I do want to ask, though, before I send you back for further deliberations, do you have any questions about the law of the case which it might be helpful if the court could reread the instructions? If there is any question, I would be happy to try to answer it. If there is none, I would ask that the Bailiff make arrangements, if necessary, for telephone messages to be sent out by members of the jury since it is now four thirty, informing their car pools or whoever they have to inform that they are likely to be here past 6:00 o'clock.

I will ask the attorneys to remain on call in case there be a further note or verdict between now and five-thirty. If there is none by five-thirty, I ask you to return to the courtroom at five-thirty because at that time we will plan to make arrangements for the jury to go to supper at the cafeteria and declare a supper recess in the proceedings.

I will ask the jury to return to the jury room for further deliberations."

Thereupon, the jury again retired and within twenty minutes returned a verdict of guilty.

## II

■ Such supplementary instructions, sometimes referred to as an "Allen charge" or "dynamite charge", are generally proper in order to encourage the jury to reach a verdict. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); *Hyman Reiver & Co. v. Rose,* Del.Supr., 1 Storey 397, 147 A.2d 500 (1958); *State v. MacClary,* Del.Super., 193 A.2d 195 (1963). However, a trial judge may not coerce the jury into reaching a verdict and, for that reason, any such charge must be carefully examined to determine its total effect on the jury in reaching a verdict. *Hyman Reiver & Co. v. Rose, supra.*

■ .It is basic to our criminal law that a jury verdict must be unanimous and freely given and that, in order to convict, each individual juror must be convinced of the defendant's guilt beyond a reasonable doubt; it is likewise basic that there is no absolute necessity that the jury reach a verdict. The danger of a "dynamite charge" is that it may suggest to the jurors that these fundamental standards might be compromised in order that a verdict be reached. See *United States v. Fioravanti,* 3rd Cir., 412 F.2d 407 (1969).

Nevertheless, we believe that this danger can be eliminated by having the charge include an admonition that each individual juror not surrender his or her honest convictions and not to return any verdict contrary to the dictates of personal conscience. See the reference in *Hyman Reiver & Co. v. Rose,* supra, to those essential points. Without such an admonition, any supplementary charge may be, for that reason alone, overly coercive.

■ The Court's supplementary charge here failed to so admonish the jurors, and also intimated that the jury would have to remain for a substantial period of time if a verdict were not reached. In light of these factors, we conclude that the total effect of the charge was coercive and unduly influenced the jury; accordingly, the verdict must be set aside and a new trial granted.

Reversed and remanded.