Donald Lee ADKINS and Robin Layton
Adkins, Defendants Below, Appellants,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Nov. 16, 1982.

Decided: Dec. 20, 1982.

Thomas J. Stumpf, Georgetown, and Rob-
ert C. Wolhar, Jr. (argued), of Wolhar &
Moore, Georgetown, for appellants.

Gary A. Myers (argued), Deputy Atty.
Gen., Georgetown, for appellee.

Before HERRMANN, C.J., McNEILLY
and QUILLEN, JJ.

HERRMANN, Chief Justice:

In this appeal, the defendants seek rever-
sal of their convictions for Assault in the
Third Degree on the ground that the Trial
Court committed reversible error in giving
the jury a coercive supplemental charge.

I.

The defendants, Donald Lee Adkins and
Robin Layton Adkins, were indicted for As-
sault in the Second Degree, 11 *Del.C.*
§ 612,[1] Assault in the Third Degree, 11 *Del.*

---

1. 11 *Del.C.* § 612 provides:

"§ 612. Assault in the second degree; class C
felony.

"A person is guilty of assault in the second
degree when:

"(1) He intentionally causes serious physi-
cal injury to another person; or

"(2) He intentionally causes physical inju-
ry to another person by means of a deadly
weapon or a dangerous instrument; or

"(3) He recklessly causes serious physical
injury to another person by means of a dead-
ly weapon or a dangerous instrument; or

"(4) He intentionally causes physical inju-
ry to a law-enforcement officer who is acting
in the lawful performance of his duty.

"Assault in the second degree is a class C
felony."

C. § 611,[2] and Conspiracy in the Second Degree, 11 *Del.C.* § 512.[3]

After a two day trial, the jury retired for deliberation. Approximately three hours later, the jurors requested by note that the Trial Judge furnish them a dictionary definition of "conspiracy." The Court denied the request but read to the panel a portion of the conspiracy instruction as previously given. The jury again retired.

Approximately one and one-half hours later, again by note, the jurors informed the Court that they were unable to reach unanimous verdicts on the Conspiracy charges. The Court returned the jury to the courtroom and the following colloquy ensued:

"THE COURT: Mr. Foreman, would you rise, please.

Your note very clearly states that you are unable to reach a unanimous decision on the conspiracy charges. Does that apply to both defendants, and is it your feeling that more time would not be of any assistance? Do not tell me how the vote is. That is a private matter. Is it your opinion that more time would not be of any assistance?

MR. FOREMAN: That's correct.

THE COURT: Do I understand also that you have reached a unanimous decision on the charges of assault against the defendants?

MR. FOREMAN: We are still in deliberations concerning that.

THE COURT: All right. I am sorry. I thought the logical conclusion was that you had reached a decision on the other part of the case.

I will simply ask you to go back and continue your deliberations on the assault charge. Let the bailiff know when you have reached a decision.

You say that you are still deliberating the assault charges?

MR. FOREMAN: Yes, sir.

THE COURT: And you think some more time would be productive on those charges?

MR. FOREMAN: Quite possible.

THE COURT: You are not sure yet. Then I will have you go back and continue your deliberations. Let me may be clarify something. If, indeed, you never reach a decision on the conspiracy charges, that does not prevent you from continuing to deliberate on the assault charges, and you should continue to do so until you have reached a unanimous verdict or I discharge you if you cannot reach a verdict on those charges as well.

All right, you can consider that you need not talk about conspiracy any more, if you are not going to reach a decision, but continue to deliberate on the assault charges. Is that clear?

MR. FOREMAN: Yes, sir.

THE COURT: All right, we will recess to the call of the Court. You may return to the jury room."

Immediately thereafter, the Trial Judge met with counsel in chambers. Defense

---

**2.** 11 *Del.C.* § 611 provides:

"§ 611. Assault in the third degree; class A misdemeanor.

"A person is guilty of assault in the third degree when:

"(1) He intentionally or recklessly causes physical injury to another person; or

"(2) With criminal negligence he causes physical injury to another person by means of a deadly weapon or a dangerous instrument.

"Assault in the third degree is a class A misdemeanor."

**3.** 11 *Del.C.* § 512 provides:

"§ 512. Conspiracy in the second degree; class E felony.

"A person is guilty of conspiracy in the second degree when, intending to promote or facilitate the commission of a felony, he:

"(1) Agrees with another person or persons that they or 1 or more of them will engage in conduct constituting the felony or an attempt or solicitation to commit the felony; or

"(2) Agrees to aid another person or persons in the planning or commission of the felony or an attempt or solicitation to commit the felony, and he or another person with whom he conspired commits an overt act in pursuance of the conspiracy.

"Conspiracy in the second degree is a class E felony."

counsel requested that the Court instruct the jury that, while deliberating, no juror should surrender his or her own convictions. Before the Court acted upon the request, and some three minutes after the jury left the courtroom, the Court received a note from the jury stating that it had reached a decision.

The jury found each of the defendants not guilty of the charge of Assault in the Second Degree but guilty of the lesser-included offense of Assault in the Third Degree.

The defendants subsequently moved for mistrial on the ground that the Trial Court, in effect, coerced the verdict by charging the jury improperly. The Court denied the motion.

## II.

The defendants contend that the portion of the Trial Court's statement to the jury that called for continued deliberations on the Assault charges was a coercive *Allen* "dynamite" charge resulting in a compromise verdict, in violation of *Brown v. State,* Del.Supr., 369 A.2d 682 (1976) and *Wilson v. State,* Del.Supr., 305 A.2d 312 (1973). The statement, it is argued, constituted reversible error because it lacked the counter-balancing "personal conscience" admonition requested by counsel and required by *Brown* and *Wilson.* We disagree.

■ Supplementary instructions that urge a jury to reach a verdict following the announcement of a deadlock, frequently referred to as an *"Allen* charge" or "dynamite charge," are generally proper. *Jenkins v. State,* Del.Supr., 401 A.2d 83, 87 (1979), citing *Brown v. State,* Del.Supr., 369 A.2d 682 (1976); *see also Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). In *Brown, supra,* this Court held, however, that when such an instruction is given, the danger of coercion "can be eliminated by having the charge include an admonition that each individual juror not surrender his or her honest convictions and not to return any verdict contrary to the dictates of personal conscience." 369 A.2d at 684.

■ The threshold question, therefore, is whether the Trial Court's statement in the instant case constituted an *Allen* "dynamite" charge requiring the *Brown* admonition. We find that it did not.

The supplemental charges in *Allen* and *Brown* involved coerced reconsideration, i.e., instruction to the jurors, after they announced a deadlock, to consider one another's views with a disposition toward being convinced. Indeed, in *Brown,* the Trial Judge, after a deadlock was announced, expressly urged the jurors to reach a verdict in order to avoid the time and expense of a new trial.[4] Even in *Wilson v. State,* Del.

4. In *Brown,* the Trial Court gave the following supplementary instruction, set forth at length herein for contrast:

"Members of the jury, I have a note from you which states 'Hung jury. Positively will not reach a decision.'

"The Court must ask you to give further consideration to the case. I know that it is the first case that many of you have had the privilege of sitting on and that you are not yet experienced in the matter of going over together carefully the evidence in the case and debating what weight, if any, should be given to the evidence.

"It is very important that these litigants, that is, the State and Defendant in this case, be given all consideration possible to see *whether* or not a verdict can be reached.

"The trial of a criminal case is a time-consuming and expensive matter both in time,

money and emotion, and you will note that in this case the alleged incident is alleged to have taken place approximately 11 months ago. If the trial results in a hung jury, the case will have to be restored to the calendar and then tried before a different jury panel, and there is no reason to believe that more complete evidence or further evidence could be called to a different jury's attention than has already been called to your attention.

"Of course, the case does, by trial or otherwise, have to be disposed of sooner or later, so I cannot accept the time that you have been considering this case as adequate time to be absolutely sure that no unanimous verdict can be reached. I must ask you to deliberate further."

369 A.2d at 682.

Supr., 305 A.2d 312 (1973), in which the "personal conscience" admonition was given, and the judgment sustained on appeal, the Trial Judge asked the jurors to reconsider the evidence after they reported that they could not, after several hours of deliberation, reach a unanimous verdict. 305 A.2d at 317.

By contrast, in the instant case, the Trial Judge did not instruct the jury to deliberate further on the Conspiracy charges as to which it had announced deadlock; his comments regarding continued deliberations were addressed solely to the Assault charges as to which deadlock had not been announced. The Court did not expressly or implicitly request any juror to reconsider his or her views in deference to the majority; the Court's statement did not indicate, directly or by inference, that a verdict must or should be returned; rather, the Trial Judge merely directed the jurors to continue their deliberations until they reached a unanimous verdict or were discharged because they could not reach agreement.

The plain language of the Trial Court demonstrated its willingness to accede to a hung jury and, thereby, to respect the personal convictions of the jurors. The statement did not constitute an *Allen* "dynamite" charge or require the "personal conscience" admonition. Accordingly, the defendants' reliance upon *Brown, supra, Wilson, supra,* and cases cited in *Annot.,* 97 A.L.R.3d (1980), is misplaced.

\*  \*  \*  \*  \*

AFFIRMED.