IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIE L. BURTON, | § | |
| | § | No. 444, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2211007240 |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted:  September 25, 2024
Decided:    November 4, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

On this 4th day of November 2024, it appears to the Court that:

(1)    Appellant Willie L. Burton was found guilty of drug dealing, second-degree conspiracy, and possession of a controlled substance after a three-day jury trial in the Superior Court.  The Superior Court sentenced him as follows:  for drug dealing, twenty years of incarceration, suspended after five years for decreasing levels of supervision; and for second-degree conspiracy, two years of incarceration, suspended for eighteen months at Level III supervision.[1]

---

[1] *See* Opening Br., Ex. A; App. to Opening Br. at A543.  For sentencing purposes, the Superior Court merged the drug dealing and possession of a controlled substance offenses.

(2)     On appeal, Burton argues that the Superior Court's decision to give an *Allen* charge to the jury was an abuse of discretion.[2]  Burton also contends that the Superior Court committed plain error when it accepted an oral petition from the State—when a written petition was required—to declare him a habitual offender. We disagree and affirm on these two issues.  We, however, remand for resentencing. Burton's second-degree conspiracy sentence exceeded the statutory maximum probation term allowed under 11 *Del. C.* § 4333(b).

(3)     As to the first point of appeal, during jury deliberations, the jury sent a note to the Superior Court stating: "[W]e are stuck on charge[s] one and three.  Do we keep going or do we stop at what we have?  Charge number two is unanimous."[3] Burton contends that the Superior Court abused its discretion when it gave an *Allen* charge to the jury in response to the note.

(4)     We find no error in the Superior Court's decision to issue the *Allen* charge.[4]  Issuing an *Allen* charge is proper for the purpose of encouraging—but not coercing—a jury to reach a verdict.[5]  To determine whether an *Allen* charge is coercive, we consider the (1) timing of the instruction, (2) words used in the

---

[2] An *Allen* charge is a supplementary instruction used to encourage the jury to reach a verdict. *Jenkins v. State*, 401 A.2d 83, 87 (Del. 1979).

[3] App. to Opening Br. at A471.  Charge number two was for second-degree conspiracy.  *See id.* at A518-19.

[4] *Collins v. State*, 56 A.3d 1012, 1019 (Del. 2012).

[5] *See Brown v. State*, 369 A.2d 682, 684 (Del. 1976).

instruction, (3) length of the deliberations both before and after the instruction, and (4) the complexity of the case.[6]

(5)    Applying these factors to the present case, we find that the *Allen* charge was not coercive.  Although the record is not clear on exactly how long the jury took to deliberate after the issuance of the charge, the jury had more than an hour remaining before the close of normal business hours.  The time available to deliberate after the charge and lack of factual complexity in this case do not point to an inference of coercion.[7]  Nor does the record show that the jury was deliberating for an "oppressive[ly]" long time.[8]  The jury deliberated for several hours in the morning before, and no more than 90 minutes after, the charge.  Furthermore, there was unanimous agreement as to the conspiracy charge, and given the factual overlap among the charges, it was not coercive for the Superior Court to encourage the jury to decide the remaining counts.  Finally, when it gave the *Allen* charge, the Superior Court followed the pattern language.  It instructed the jury to "not surrender your

---

[6] *Desmond v. State*, 654 A.2d 821, 826 (Del. 1994) (citing *Allen v. United States*, 164 U.S. 492, 493 (1896)).

[7] Conversely, complex cases may warrant further deliberations.  *See Collins v. State*, 56 A.3d 1012, 1016 (Del. 2012) (finding no coercion where case was complex and jury deliberated for approximately two hours after issuance of an *Allen* charge); *Papantinas v. State*, 820 A.2d 372 (Del. 2003) (finding no coercion where factual issues were not complex and jury deliberated for about an hour and a half after charge); *Davis v. State,* 725 A.2d 441 (Del. 1999) (finding no coercion where deliberations lasted for two hours after charge and factual issues were not complex); *State v. Smith*, 2024 WL 1715171, at *4 (Del. Super. Apr. 19, 2024) (explaining that "relative lack of complexity of this case did not warrant further, lengthy jury deliberations").

[8] *See Papantinas*, 820 A.2d 372.

3

conscientious convictions" and only render a unanimous verdict "if you can do so without violence to your individual judgment and conscience."[9]  By following the pattern language, the Superior Court limited any coercive effect the instruction may have had on the jury.  Accordingly, we do not find that the Superior Court abused its discretion.

(6)    As to the second point of appeal, Burton contends that the State's failure to file a written motion to declare him a habitual offender—as required under 11 *Del. C.* § 4215(b)—entitles him to a remand for resentencing.[10]  Because defense counsel did not make a timely objection, we review for plain error.[11]  "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[12]  To declare a defendant a habitual offender, the State must file a motion declaring its

---

[9] App. to Opening Br. at A477-78.

[10] Burton also cites to Superior Court Criminal Rule 32(a)(3), but this subsection merely refers back to the requirement under 11 *Del. C.* § 4215 to file a written motion.  *See* Super. Ct. Crim. R. 32(a)(3) ("Habitual criminal; greater sentence. The attorney general shall file a motion to declare the defendant a[] habitual criminal pursuant to 11 Del. C. § 4214 promptly after conviction and before sentence. Whenever it appears that a defendant may be subject to a greater sentence because of a previous conviction, the court shall proceed in accordance with 11 Del. C. § 4215.").

[11] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).  Not only did defense counsel not object, but by responding that it had no basis to oppose the State's request, it appears he conceded the futility of filing a motion, and thus waived the instant challenge.  *See Abdul-Akbar v. State*, 703 A.2d 643 (Del. 1997).  Even assuming no waiver occurred, for the reasons explained, we find no plain error.

[12] *Wainwright*, 504 A.2d at 1100.

intent to do so "any time after conviction and before sentence."[13] This timing requirement ensures the defendant is on notice of the State's intent, and allows the defendant to prepare a defense.[14]

(7) We find no plain error here. Although the State did not file a written motion, Burton had actual notice of the State's intent to declare him a habitual offender. Before the sentencing hearing, the State asked Burton's counsel whether a motion was necessary as the State had already provided certified copies of Burton's past convictions.[15] Burton's counsel responded that he was "not disputing the record."[16] At the sentencing hearing, when presented with the State's oral petition to declare Burton a habitual offender, Burton's counsel again responded that he had "no basis to oppose that."[17] Burton had actual notice of the State's intent to declare him a habitual offender and voluntarily waived the written motion requirement. Burton, furthermore, cannot show prejudice because he does not dispute his past convictions. Without a basis to challenge to his past convictions, Burton's request

---

[13] 11 *Del. C.* § 4215(b).

[14] *Walker v. State*, 790 A.2d 1214, 1221 (Del. 2002) ("[A] defendant facing habitual criminal proceedings must have 'reasonable notice of the State's intent to seek additional punishment, be present with counsel, have an opportunity to be heard, be confronted with witnesses against him [or her], have the right to cross-examine, and to offer evidence of his own.'") (quoting *Key v. State,* 463 A.2d 633, 639 (Del.1983)).

[15] App. to Opening Br. at A489-90 ("Do I need to prepare an actual—I provided [trial counsel] with the certified copies of [Burton's criminal history.]").

[16] *Id*.

[17] *Id*. at A522.

5

for a resentencing would be a pointless exercise as his sentence would remain the same.

(8)  Although we do not find plain error here, we note that it remains incumbent on the State to adhere closely to the procedural requirements of 11 *Del. C.* § 4215(b) by filing a timely written motion.  Failure to do so may lead to an inefficient use of judicial resources, as evidenced here, and invites uncertainty and inquiry into whether the statute was correctly applied.

(9)  Finally, although not raised on appeal, Burton's second-degree conspiracy sentence must be remanded for resentencing consistent with 11 *Del. C.* § 4333(b).[18]  Under that provision, second-degree conspiracy has a maximum probation period of twelve months.  The Superior Court, however, sentenced Burton to eighteen months probation.[19]  Accordingly, we remand Burton's second-degree conspiracy conviction for resentencing consistent with this Order.

NOW, THEREFORE, IT IS ORDERED, that the judgment of the Superior Court is AFFIRMED and Burton's second-degree conspiracy sentence is REMANDED for correction of the probation sentence.  Jurisdiction is not retained.

---

[18] *See* Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[19] *See* Opening Br., Ex. A; App. to Opening Br. at A543.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice